# IN THE UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEDRIC TURNER, | CASE NO. 1:20-cv-00252-EPG (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS CASE BE DISMISSED FOR FAILURE TO STATE A CLAIM |
| v. | |
| M. PORTER, et al., | ORDER DIRECTING THE CLERK OF COURT TO ASSIGN A DISTRICT JUDGE |
| Defendants. | (ECF Nos. 1, 11, 12) |
| | THIRTY DAY DEADLINE |

Plaintiff, Dedric Turner, is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff filed the complaint commencing this action on February 14, 2020. (ECF No. 1.)

The Court previously entered a screening order in which it found that Plaintiff's complaint failed to state any cognizable claims. (ECF No. 11.) The Court directed Plaintiff to file an amended complaint if he believed additional factual allegations would state a claim or, alternatively, to notify the Court that he wished to stand on the original complaint, in which case the Court would issue findings and recommendations to a district judge recommending dismissal of the action. (*Id.*)

1

On August 10, 2020, Plaintiff filed a notice notifying the Court that he would like to go forward with his original complaint. (ECF No. 12.) Because the complaint fails to state any cognizable claim, the Court recommends that this action be dismissed.

**I. SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). As Plaintiff is proceeding *in forma pauperis* (ECF No. 6), the Court may also screen the complaint under 28 U.S.C. § 1915. "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). The mere possibility of misconduct falls short of meeting this plausibility standard. *Id.* at 679. While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). Additionally, a plaintiff's legal conclusions are not accepted as true. *Iqbal*, 556 U.S. at 678.

Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (holding that *pro se* complaints should continue to be liberally construed after *Iqbal*).

## II. SUMMARY OF PLAINTIFF'S COMPLAINT

The complaint alleges as follows:

On May 21, 2015, Officer M. Porter, employed at California City Correctional Facility, filed a false, perjured Rules Violation Report stating that Plaintiff had refused to participate in a collection of a urine sample. Plaintiff disputed this. The proper procedure was not followed. Plaintiff was told by Officer M. Porter that he would be back to collect a sample because Plaintiff could not provide one at the time. Mr. Porter never returned. Plaintiff was issued a Rules Violation 115. Plaintiff requested evidence on May 26, 2015, but it was denied by Sgt. H. Adams on May 28, 2015. The request was for video, witnesses, and Mr. Porter's presence at the hearing.

On June 16, 2015, at a previously postponed hearing, Lt. A. Ramirez denied evidence and witnesses requested and found Plaintiff guilty of the charge. Ramirez wrongly stated that no evidence had been requested. Plaintiff appealed, but those appeals were denied.

Plaintiff was injured by having to endure extra days incarcerated. Additionally, Plaintiff was moved to CMF Vacaville.

## III. EVALUATION OF PLAINTIFF'S COMPLAINT

Plaintiff's complaint cannot go forward in this § 1983 action because it challenges the duration of Plaintiff's confinement.

When a state prisoner challenges the legality of his custody and the relief he seeks is a determination that he is entitled to an earlier or immediate release, such a challenge is not cognizable under 42 U.S.C. § 1983 and the prisoner's sole remedy is a petition for a writ of habeas corpus. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *see also Neal v. Shimoda*, 131 F.3d 818, 824 (9th Cir. 1997); *Trimble v. City of Santa Rosa*, 49 F.3d 583, 586 (9th Cir. 1995) (per curiam). Thus, where a § 1983 action seeking monetary damages or declaratory relief alleges constitutional violations which would necessarily imply the invalidity of the prisoner's underlying conviction or sentence, or the result of a prison disciplinary hearing resulting in imposition of a sanction affecting the overall length of confinement, such a claim is not cognizable under § 1983 unless the conviction or sentence has first been invalidated on appeal, by habeas petition, or through some similar proceeding. *See Heck v. Humphrey*, 512 U.S. 477, 483–84 (1994)

3

(concluding that § 1983 claim not cognizable because allegations were akin to malicious prosecution action which includes as an element a finding that the criminal proceeding was concluded in plaintiff's favor); *Butterfield v. Bail*, 120 F.3d 1023, 1024–25 (9th Cir. 1997) (concluding that § 1983 claim not cognizable because allegations of procedural defects were an attempt to challenge substantive result in parole hearing).

Here, Plaintiff is challenging a prison disciplinary proceeding and alleges that he was injured physically by having to endure extra days incarcerated. Additionally, the disposition indicates that Plaintiff was "assessed a credit forfeiture of ninety (30) [sic] days." Plaintiff's claim thus involves allegations of the loss of good-time credits as a result of an adverse prison disciplinary finding, and that the resulting loss directly impacts the length of Plaintiff's sentence. The claim is not cognizable under § 1983. *See Edwards v. Balisok*, 520 U.S. 641, 646 (1987) (§ 1983 claim not cognizable because allegations of procedural defects and a biased hearing officer implied the invalidity of the underlying prison disciplinary sanction of loss of good-time credits); *cf. Ramirez v. Galaza*, 334 F.3d 850, 858 (9th. Cir. 2003) (holding that the favorable termination rule of *Heck* and *Edwards* does not apply to challenges to prison disciplinary hearings where the administrative sanction imposed *does not* affect the overall length of confinement and, thus, does not go to the heart of habeas); *see also Wilkerson v. Wheeler*, 772 F.3d 834 (9th Cir. 2014) (discussing loss of good-time credits); *Nettles v. Grounds*, 830 F.3d 922, 934–35 (9th Cir. 2016) (discussing the impact of a prison disciplinary violations in determining suitability for parole). As the Court previously informed Plaintiff, he must present his challenge, if at all, through a petition for writ of habeas corpus.[1]

### IV. LEAVE TO AMEND SHOULD BE DENIED

If the Court finds that a complaint should be dismissed for failure to state a claim, the Court has discretion to dismiss with or without leave to amend. *See Lopez v. Smith*, 203 F.3d 1122, 1126-30 (9th Cir. 2000) (en banc). Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is *pro se*. *See id*. at

---

[1] A petition for writ of habeas corpus has its own requirements, including a statute of limitations period. The Court has not evaluated whether Plaintiff's complaint meets those requirements.

1130-31; *see also Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (citation omitted). However, if, after careful consideration, it is clear that a complaint cannot be cured by amendment, the Court may dismiss without leave to amend. *Cato*, 70 F.3d at 1005-06. After careful consideration, the Court finds that Plaintiff's allegations against Defendants cannot establish a plausible § 1983 claim as a matter of law and that amendment would accordingly be futile. Plaintiff's underlying factual allegations are clear. The issue is that such factual circumstances do not give rise to a constitutional claim under § 1983.

Moreover, as previously noted, Plaintiff was provided an opportunity to file an amended complaint and declined to do so, deciding instead to proceed with his original complaint, despite the Court's screening order explaining that his complaint failed to state a cognizable § 1983 claim.

## V.   ORDER AND RECOMMENDATIONS

The Court has screened Plaintiff's complaint and finds that it fails to state any cognizable claim under the relevant legal standards. Accordingly,

1. IT IS ORDERED that the Clerk of the Court assign a district judge to this case.
2. IT IS RECOMMENDED that:
   a. Pursuant to 28 U.S.C. §1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1), this action be DISMISSED, without prejudice,[2] based on Plaintiff's failure to state a claim upon which relief may be granted under § 1983; and
   b. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the district judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within thirty (30) days after being served with these findings and recommendations, Plaintiff may file written objections with the

---

[2] *See Trimble*, 49 F.3d at 586 (where habeas claims are improperly brought in a § 1983 action, district courts should "state that the prisoner's claims must be addressed in a habeas petition and dismiss the 1983 claims without prejudice").

court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (quoting *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **August 18, 2020**           /s/ Erica P. Grosjean
                                       UNITED STATES MAGISTRATE JUDGE