UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEDRIC TURNER,<br><br>                    Plaintiff,<br><br>         v.<br><br>M. PORTER, et al.,<br><br>                    Defendants. | No. 1:20-cv-00252-DAD-EPG<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS<br><br>(Doc. No. 13) |

Plaintiff Dedric Turner is a former state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action brought pursuant to 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On July 2, 2020, the assigned magistrate judge screened plaintiff's complaint and found that he did not state any cognizable claims in his complaint.  (Doc. No. 11.)  The screening order directed plaintiff to either file a first amended complaint or a notice of his intent to stand on his complaint, subject to the magistrate judge issuing findings and recommendations to the undersigned, recommending that the complaint be dismissed for failure to state a claim.  (*Id.* at 8.)  On August 10, 2020, plaintiff filed a notice stating that he "would like to go forward with [his] original complaint."  (Doc. No. 12.)

Accordingly, on August 19, 2020, the magistrate judge issued the pending findings and recommendations, recommending that this action be dismissed without leave to amend due to

plaintiff's failure to state a cognizable claim.  (Doc. No. 13.)  Specifically, the magistrate judge found that because it appears that plaintiff is challenging the duration of his confinement, as opposed to the conditions of his confinement, he could not assert his claims in the pending § 1983 action, and was instead required to assert such claims in a petition for writ of habeas corpus.[1]  (*Id.* at 3–4.)  The findings and recommendations were served on plaintiff and contained notice that any objections thereto were to be filed within thirty (30) days after service thereof.  (*Id.* at 6.)  No objections to those findings and recommendations have been filed, and the time in which to do so has now passed.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the undersigned has conducted a *de novo* review of this case.  Having carefully reviewed the entire file, the court finds the findings and recommendations to be supported by the record and by proper analysis.

Accordingly,

1. The findings and recommendations issued on August 19, 2020 (Doc. No. 13) are adopted in full;

2. This action is dismissed without leave to amend due to plaintiff's failure to state a claim; and

3. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated:  **October 11, 2020**

UNITED STATES DISTRICT JUDGE

---

[1] In his complaint, plaintiff asserts that various defendants filed false prison rules violation reports against with respect to him, resulted in him "having to endure extra days incarcerated . . . ." (Doc. No. 1 at 4.)  Although the complaint does not appear to assert a due process claim based on the filing of these allegedly false rules violation reports, in the July 2, 2020 screening order, the magistrate judge, "[i]n the abundance of caution, . . . provide[d] the . . . legal standards that may apply to the substantive issues raised in Plaintiff's complaint, to the extent that Plaintiff . . . believes that an amendment would present facts that allow him to proceed in this § 1983 case." (Doc. No. 11 at 3.)  Included in that summary were the legal standards applicable to the asserting of a due process claim based on the filing of a false rules violation report.  (*See id.* at 4.)  Plaintiff, however, did not file an amended complaint or otherwise inform the court that he was seeking to assert due process claims in this action.